**Jimmy Dale LEAF, Sr.,**
**Petitioner–Appellant,**

v.

**IOWA METHODIST MEDICAL CENTER, Respondent–Appellee.**

No. 89–1353.

Court of Appeals of Iowa.

July 26, 1990.

Eric Borseth of Borseth Law Office, Pleasant Hill, for petitioner-appellant.

Glenn Goodwin of Duncan, Jones, Riley & Finley, P.C., Des Moines, for respondent-appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

This case addresses a noncustodial father's rights to obtain medical records of his minor child. We determine the father had the right to obtain the medical records. We reverse the trial court's refusal to allow him access to his minor child's medical records.

The marriage of petitioner-appellant Jimmy Dale Leaf, Sr. and Sally Leaf was dissolved in 1975. In the decree, custody of the child, Jimmy Dale, Jr. was granted to Sally. The decree was silent on the issue of Jimmy Sr.'s access to medical records. In March 1988 Jimmy, Jr., while a minor child, was a patient at respondent-appellee Iowa Methodist Medical Center. Petitioner was denied access to Jimmy, Jr.'s medical records by both the appellee and his former wife.

Petitioner brought this suit for declaratory judgment. The case was submitted to the district court on stipulated facts. The court found the law, at the time the decree was entered, did not authorize noncustodial parents to obtain medical records of his or her minor child, and the court refused to apply Iowa Code section 598.41(1) retroactively. Petitioner, therefore, was denied access to the records.

I.

This issue has been rendered moot both by the child having reached his majority and the father having gained access to the records. Both parties have urged us to consider the question, contending the problem in this case occurs with some frequency. Generally courts will not consider an action if it no longer presents a justifiable controversy. *Iowa Freedom of Information Council v. Wifvat*, 328 N.W.2d 920, 922 (Iowa 1983). Moot questions might be considered when they are of public importance, are likely to recur, and there is a need for future guidance on the issue. *See Martin–Trigona v. Baxter*, 435 N.W.2d 744, 745 (Iowa 1989); *Department*

**894**

*of General Services, State of Iowa v. R.M. Boggs Co., Inc.,* 336 N.W.2d 408, 410 (Iowa 1983); *Rush v. Ray,* 332 N.W.2d 325, 326 (Iowa 1983). *City of Des Moines v. Public Employment Relations Bd.,* 275 N.W.2d 753, 758 (Iowa 1979).

We believe the question should be considered because of the frequency with which it occurs, its importance, and the fact that guidance in this area may foreclose future litigation. *See Rodine v. Zoning Board of Adjustment,* 434 N.W.2d 124, 125 (Iowa App.1988).

Petitioner contends the court erred in determining he would not have access to the records under pre–1982 law and in failing to apply the dictates of section 598.41(1) in this situation. Iowa Code section 598.41(1) provides in applicable part:

> The court, insofar as is reasonable and in the best interest of the child, shall order the custody award, including liberal visitation rights where appropriate, which will assure the child the opportunity for the maximum continuing physical and emotional contact with both parents after the parents have separated or dissolved the marriage, unless direct physical harm or significant emotional harm to the child, other children, or a parent is likely to result from such contact with one parent, and which will encourage parents to share the rights and responsibilities of raising the child. The court shall consider the denial by one parent of the child's opportunity for maximum continuing contact with the other parent, without just cause, a significant factor in determining the proper custody arrangement. Unless otherwise ordered by the court in the custody decree, both parents shall have legal access to information concerning the child, including but not limited to medical, educational and law enforcement records.

This provision was enacted in 1982.

We find no valid reason to refuse to apply the statutory provisions to all situations. Parents are the natural guardians of their children and equally entitled to care and custody. *Wooley v. Schoop,* 234 Iowa 657, 660, 12 N.W.2d 597, 599 (1944). A dissolution decree may limit a natural parent's rights to his or her child. The parent whose custodial rights are restricted or limited, continues to be the child's parent and retain all those parental rights not granted exclusively to others in the decree or otherwise surrendered by the parent.

Section 598.41(1) merely codified existing common law. Petitioner should have been granted access to the medical records.

REVERSED.