In re the MARRIAGE OF Margaret R. BUGG and Vincent R. Bugg.

Upon the Petition of Margaret R. Bugg, Appellant,

And Concerning Vincent R. Bugg, Appellee.

No. 92–305.

Court of Appeals of Iowa.

Sept. 29, 1992.

Daniel C. Galvin of O'Brien, Galvin, Moeller & Neary, Sioux City, for appellant.

Timothy W. Shuminsky of Shuminsky, Shuminsky & Molstad, Sioux City, for appellee.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

DONIELSON, Presiding Judge.

Margaret Bugg appeals from the district court's ruling which modified the parties' dissolution decree to award custody of her older son, Ryan, to Vincent Bugg.

In September 1982, the district court dissolved the marriage of Margaret and Vincent Bugg. The decree granted Margaret physical custody of Vincent Ryan (Ryan), born in 1975, and Benjamin, born in 1978.

Vincent has remarried and lives in Sergeant Bluff, Iowa, south of Sioux City. Vincent works for the State of Iowa as a firefighter. At the time of trial, Vincent's payment of child support was approximately $7,000 in arrears.

Margaret now lives with her boyfriend and her boyfriend's two sons on the north side of Sioux City. They recently moved from Ryan's prior school district resulting in Ryan having to attend a different school. Margaret is employed as a telephone equipment tester for U.S. West, which takes her out of town several days a week. For nearly eight years, she has worked to provide virtually all of the financial support for the two boys.

In the summer of 1991, with Margaret's permission, Ryan came to stay with his dad to attend a driver's education program which was not available to him in Sioux City. During this period, Ryan expressed a desire to live with his father. Ryan did not like moving to the north side of Sioux City and was uncomfortable with the parental supervision provided by Margaret's boyfriend while Margaret was out of town.

In June 1991, Vincent filed an application seeking to modify the parties' decree to obtain physical custody of Ryan. In the district court's ruling on Vincent's petition, the court gave strong consideration to Ryan's preference to live with his father. The court concluded Vincent was in a position to more effectively administer to Ryan's best interests. Accordingly, the district court modified the parties' decree to place Ryan with his father. Margaret now appeals.

Margaret argues Vincent failed to sustain his burden of showing (1) a substantial change of circumstances existed, (2) Vincent has the ability to administer more effectively to Ryan's well-being, and (3) compelling reasons exist to change custody.

Our review in this matter is de novo. Iowa R.App. 4. To change the cus-

todial provision of a dissolution decree, the applying party must establish by a preponderance of the evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. *In re Marriage of Frederici,* 338 N.W.2d 156, 158 (Iowa 1983). The party seeking to take custody from the other must prove an ability to administer more effectively to the children's well being. *Id. See also In re Marriage of Gravatt,* 371 N.W.2d 836 (Iowa App.1985).

■ This burden stems from the principle that once custody of a child has been fixed, it should be disturbed only for the most cogent reasons. *In re Marriage of Mikelson,* 299 N.W.2d 670, 671 (Iowa 1980). On our review, we affirm the decision of the district court.

■ In considering what custody arrangement is in the child's best interests, the court shall consider the the child's wishes, taking into account the child's age and maturity. Iowa Code § 598.41(3)(f) (1991). At the time of trial, Ryan was a sixteen-year-old teenager, holding a part-time job and with a driver's license. Ryan testified he did not feel pressured into this decision by either parent. Accordingly, we believe Ryan is of sufficient age and maturity to give significant weight to his preference to live with his father.

We recognize there is a different burden of proof and the court considers different factors in a modification application than in a custody determination under Iowa Code section 598.41(3) (1991). However, the fact that Ryan has expressed this desire to live

with his father and the fact that Vincent is able to provide his son with a home closer to Ryan's old school and friends constitute a sufficiently substantial change of circumstances to justify modifying the decree. We do not agree Vincent has failed to sustain his burden of proof.

However, we make our decision with great hesitation and with a note of sadness because of the obvious irresponsibility of Vincent and his failure to provide the child support ordered. We recognize Margaret's sacrifice in providing the support and guidance for these two children for so many years. Yet, we are bound not by Vincent's irresponsibility, but by what serves the best interest of the child. Noting Ryan is now seventeen, adulthood is near and we respect his decision.

We take notice of the fact Vincent was approximately $7,000 in arrears with his child support at the time of trial. Margaret is reminded this child support is still fully due and owing, and, as a matter of public policy, she is encouraged to collect this arrearage to the furthest extent possible.

The costs of this appeal are taxed to Margaret.

For all the reasons stated, we affirm the judgment of the district court.

AFFIRMED.