**In re the MARRIAGE OF David Allen JAHNEL and Sheryl Ida Jahnel.**

**Upon the Petition of David Allen Jahnel, Petitioner–Appellant,**

**And Concerning Sheryl Ida Jahnel, Respondent–Appellee.**

No. 92–2075.

Court of Appeals of Iowa.

June 29, 1993.

Matthew J. Petrzelka and Webb L. Wassmer of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellant.

David S. Good of Nazette, Hendrickson, Marner & Good, Cedar Rapids, for appellee.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This appeal follows the trial court's refusal to modify a dissolution decree to grant petitioner-appellant David Allen Jahnel physical care of Kyle Jahnel. A dissolution decree entered in February 1991 awarded physical care of Kyle, born July 15, 1977, to respondent-appellee Sheryl Ida Jahnel. David, on appeal, contends Kyle should be in his physical care and his child support obligation should be terminated and Sheryl should be required to pay him child support. We modify and remand.

In March 1992, Kyle left his mother's home and established David's home as his principal place of residence. On April 16, 1992, David filed an application to modify the dissolution decree. He contended Kyle had moved in with him in March of that year. He asked for primary physical care of Kyle, he asked that Sheryl be required to pay him child support for Kyle, and he asked that his current child support obligation to Sheryl be terminated. The matter came on for trial and on December 7, 1992, the trial court entered a decree denying the request for modification.

The primary question is whether the physical care should have been modified. Our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. In re Marriage of Steenhoek, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

To change the custodial provision of a dissolution decree, the applying party must establish by a preponderance of the evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. In re Marriage of Frederici, 338 N.W.2d 156, 158 (Iowa 1983). The party seeking to take custody from the other must prove an ability to minister more effectively to the children's well being. Id.; see also In re Marriage of Gravatt, 371 N.W.2d 836, 838–40 (Iowa App. 1985). This burden stems from the principle that once custody of a child has been fixed, it should be disturbed only for the most cogent reasons. In re Marriage of Mikelson, 299 N.W.2d 670, 671 (Iowa 1980).

The trial court found, and Sheryl does not deny, that Kyle in March 1992 established his primary place of residence with his father. Sheryl recognizes the reason Kyle gave for moving in with his father was he could not get along with her having a boyfriend and the fact that Sheryl was not home a lot. Sheryl attempted to correct her problem with Kyle by having him get counseling. Kyle did not want counseling. Sheryl contends she objects to Kyle living with his father, but she has taken no affirmative steps to get him home.

David's position is his home is open to his son and he is happy to have him live there, but he wants Kyle to make his own decision about the parent who should be his physical custodian.

Kyle has expressed a preference for his father's home, both by moving and staying there and by testimony at trial.

At trial Kyle said:

I should live at my father's because I think now he'll be there a little more than she will and through all the times she has tried to—from what I have took it as, she tried to buy me. She tried to blackmail me and trying to—she wouldn't give support if I live at my father's. If I do live at her house, then she won't give support. She won't give me things and stuff, but if I don't, then she won't take—there has been times when she will not take me there because I live over at my dad's. I feel now he'll be more responsible. He has already been responsible towards different things and buying me school clothes and stuff.

David and Sheryl both love Kyle and are able to provide him an adequate home. Because this is a modification, the question is can David provide a superior home.

 The parties both recognize the real issue is what weight should be given to Kyle's preference. The question is what part does Kyle's preference play in determining his best long-range interest. The ultimate question of whether David can provide a superior home is far more complicated than merely asking Kyle what parent he wants to live with. *See In re Marriage of Jones,* 309 N.W.2d 457, 461 (Iowa 1981); *In re Marriage of Ellerbroek,* 377 N.W.2d 257, 258 (Iowa App.1985). We give less weight to Kyle's preference in this modification action than we would if this were the original custody decision.

In assessing Kyle's preference, we look at, among other things, his age and educational level, the strength of his preference, his relationship with family members, and the reasons he gives for his decision. *See Ellerbroek,* 377 N.W.2d at 258–59.

Kyle is fifteen years old and an average student. There is no evidence he has been in any serious trouble. His grades have improved since he has moved in with his father. He has clearly made his preference known both by moving in with his father and by telling the judge his wishes. There is no evidence Kyle's father has pressured him to make the decision he did. The father's testimony is he will support Kyle in what he wants. While having physical care and allegedly not wanting Kyle to be in the physical care of his father, Sheryl has not made any affirmative efforts to get him to return home. Kyle and his older sister, Michelle, said Kyle ate most of his meals at his father's and stayed with his mother about once a week. Sheryl contended Kyle spent more time than that with her.

Michelle lived with Kyle and David from May to August 1992. She testified she was not aware of any problems between Kyle and his father. She said Kyle would listen to his father and she felt her father had a good influence on Kyle.

We determine the custody award should be modified and Kyle should be placed in his father's physical care.

Child support should be modified. We provide David's obligation for child support shall be quashed retroactively as of April 15, 1992. *See In re Marriage of Phares,* 500 N.W.2d 76 (Iowa App.1993). We remand to the trial court to determine Sheryl's child support obligation under the guidelines commencing December 7, 1992, the date of the decree from which appeal was taken. We do not retain jurisdiction.

David contends we should take notice of the fact that on January 26, 1993, Sheryl had David's wages garnished for past and current child support even though Kyle continued to live with David. This issue was ordered submitted with this appeal. We have not considered this evidence in reaching our decision and find it unnecessary to address David's claim we should take judicial notice of it.

Costs on appeal are taxed to Sheryl.

**MODIFIED AND REMANDED.**