**In re the MARRIAGE OF Douglas R. SIRES and Lauren J. Sires.**

**Upon the Petition of Douglas R. Sires, Appellant,**

**And Concerning Lauren J. Sires, Appellee.**

**No. 92–1878.**

Court of Appeals of Iowa.

Sept. 2, 1993.

---

Tim Pearson and Teri Beyer of Hyland, Laden & Pearson, P.C., Des Moines, for appellant.

Thomas P. Schlapkohl, Des Moines, for appellee.

Considered by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

Douglas and Lauren Sires were married in 1967. The parties' marriage was dissolved in 1992. They have two children, Lane and Ashley. The children were sixteen and thirteen years old respectively at the time of trial. Douglas, age forty-five, has his own architectural firm. His average gross income over the previous five years has been approximately $150,000 per year. Lauren, age forty-six, is a kindergarten teacher.

In March 1991 Douglas met Debbie Hanson. She divorced her husband to marry Douglas. Debbie has three children, a daughter, age sixteen, and two sons, ages fourteen and eleven. She has custody of her daughter and is seeking custody of her sons.

By agreement of the parties, the court appointed a child custody investigator. Dr. Janet McDonough, a licensed clinical psychologist, spent sixteen hours interviewing and conducting psychological tests on Douglas, Lauren, Lane, and Ashley. The psychiatrist also interviewed Debbie. Dr. McDonough testified at trial as did Douglas's own expert, Dr. Garfield. Dr. Garfield met only with Douglas and Lane for a total of two and one-half hours.

Douglas testified if he was awarded custody he planned to integrate his children with Debbie's children into one household. Dr. McDonough thought this would cause problems for the children, and the district court agreed. Lane and Ashley both testified if they had to choose which parent they were to live with, they would choose their father.

Dr. McDonough strongly encouraged placing the children together.

The district court awarded Lauren primary physical care of both children. The court found Lauren had not achieved her full earning capacity while supporting Douglas's acquisition of his present earning capacity. The court ordered Douglas to pay $1000 per month alimony for 120 months or until the death of either party or Lauren's remarriage. Douglas's child support obligation was set at $1600 per month. The court ordered Douglas to pay $20,000 toward Lauren's trial attorney fees.

Both parties filed 179(b) motions, which were sustained in part. The court amended the dissolution decree by dividing some property not previously divided, changing the visitation schedule, and reducing Lauren's award of attorney fees to $15,238.50.

Douglas appeals, seeking custody. Lauren had cross-appealed, but voluntarily dismissed her claim.

■ Our review is de novo. Iowa R.App.P. 4. In child custody cases the best interests of the children is the governing consideration. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983); Iowa R.App.P. 14(f)(15). We are not bound by the fact findings of the district court, but we do give them deference because the district court had an opportunity to view, firsthand, the demeanor of the witnesses when testifying. *In re Marriage of Brown*, 487 N.W.2d 331, 332 (Iowa App.1992). The district court " 'is greatly helped in making a wise decision about the parties by listening to them and watching them in person.' " *In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984) (quoting *In re Marriage of Callahan*, 214 N.W.2d 133, 136 (Iowa 1974)).

I. *Custody.*

■ Douglas contends the district court erred in awarding custody of the children to Lauren. The fact the children have expressed a preference to live with Douglas does not assure Douglas will be granted custody. Iowa courts have recognized deciding custody is far more complicated than asking children with which parent they want to live.

*In re Marriage of Ellerbroek,* 377 N.W.2d 257, 258 (Iowa App.1985) (citing *In re Marriage of Jones,* 309 N.W.2d 457, 461 (Iowa 1981)). Although a preference of a minor child cannot be ignored, it is not controlling in a custody dispute. *In re Marriage of Burnham,* 283 N.W.2d 269, 276 (Iowa 1979).

█ Lane has expressed a preference to live with his father. In her report, Dr. McDonough stated Lane's reasons were genuine. Lane, however, has expressed some reservations about living with Debbie's children. There is also a dispute in the testimony whether Ashley expressed to Dr. McDonough a preference to live with her father. The report and testimony of Dr. McDonough indicate Ashley was quite ambiguous in her preference. Ashley testified she preferred to live with her father, if she had to choose. The record indicates Ashley has strong feelings for both parents and was hesitant to choose between Lauren and Douglas.

Both parties exerted influence on Lane and Ashley; however, Douglas has been more aggressive in his attempts. The children were living with Douglas at the time of the trial because it was his summer visitation. The evidence indicates Ashley's preference was influenced during her summer stay with Douglas. The weight of Ashley's testimony is diminished in light of the district court's finding of this parental pressure. *See In re Marriage of Hunt,* 476 N.W.2d 99, 102 (Iowa App.1991).

Although Lane has expressed a preference, our courts have recognized siblings should be separated only for good and compelling reasons. *In re Marriage of Blume,* 473 N.W.2d 629, 631 (Iowa App.1991) (citing *In re Marriage of Winter,* 223 N.W.2d 165, 168 (Iowa 1974)). In attempting to foster the best interests of the children, we ordinarily attempt to keep together children of a broken home. *Ellerbroek,* 377 N.W.2d at 260; *Jones,* 309 N.W.2d at 461 (citation omitted). Dr. McDonough concluded the children have a strong relationship with each other. She opined it would be disruptive for the children to live in different households.

Dr. McDonough recommended placing both children with Lauren in order to preserve as much of the family unit as possible. A child needs a stable and continuing environment. *In re Marriage of Carrico,* 284 N.W.2d 251, 254 (Iowa 1979). Dr. McDonough determined Lauren can provide a more stable environment for the children. The psychologist noted Douglas is getting remarried, plans on moving to a new home, and intends on integrating his children and Debbie's children into one household. The facts of this case do not show compelling reasons to separate Lane and Ashley.

We have considered all of the factors which bear on the custody decision. We determine it is in the best interests of the children to award physical care of the children to Lauren. We affirm on this issue.

## II. *Attorney Fees.*

█ Lauren requests attorney fees on appeal. An award of attorney fees on appeal may be granted depending upon the parties' respective abilities to pay. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App. 1987) (citing *In re Marriage of Giles,* 338 N.W.2d 544, 546 (Iowa App.1983)). An award is not a matter of right, but rests within the court's discretion. *Id.* Lauren's attorney has filed an itemization of fees on appeal, which totaled $4730. We order Douglas to pay $1000 toward Lauren's appellate attorney fees.

Costs of this appeal are assessed to Douglas.

**AFFIRMED.**