In re the MARRIAGE OF Thomas Lynn LEVSEN and Gwendolyn Lee Levsen

Upon the Petition of Thomas Lynn Levsen, Appellee,

And Concerning Gwendolyn Lee Levsen, Appellant.

No. 93–533.

Court of Appeals of Iowa.

Nov. 29, 1993.

William B. Norton of Norton & Norton, P.C., Lowden, for appellant.

Jay A. Willems of Remley, Willems & McQuillen, Anamosa, for appellee.

Heard by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Gwendolyn and Thomas Levsen were divorced on May 10, 1991. They have two children, Shannon, age seventeen at the time of trial, and Lisa, age fourteen. Prior to trial, the parties had stipulated that they should have joint physical custody on an alternating weekly basis. Shannon is now eighteen years old and is no longer subject to the custody dispute.

Gwendolyn appealed the district court's dissolution decree on the issues of property division and child support. While this appeal was pending, Gwendolyn filed an application for limited remand on the issues of child custody and child support. The application was denied.

The court of appeals remanded the issue of child support for determination by the district court, 495 N.W.2d 785. On remand, the district court found that Thomas's net income was $2155 per month, resulting in a child support obligation of $149.20 per week while Gwendolyn had custody. Gwendolyn had an income of $1172.50 per month, which would result in a child support obligation of $81.18 per week while Thomas had custody. Based on the divided custody arrangement, the dis-trict court ordered Thomas to pay the difference between the two amounts, or $68.02 per week.

In January 1992, Thomas remarried. The daughters decided to live in their mother's home in Olin, where they attended school, and live with their father from Thursday through Sunday every other week. The daughters' relationship with their step-mother was strained.

On September 23, 1992, Gwendolyn filed an application for modification of the decree concerning the issue of custody. Following a hearing, the district court concluded that Gwendolyn had failed to show by a preponderance of the evidence that there had been a substantial change in circumstances not within the contemplation of the parties at the time the decree was filed. The district court denied Gwendolyn's subsequent rule 179(b) motion. Thomas's request for family counseling was also denied. Gwendolyn appeals. We reverse and remand.

■ In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being. The heavy burden upon a party seeking to modify custody stems from the principle that once custody

of children has been fixed it should be disturbed only for the most cogent reasons.

*In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983) (citing *In re Marriage of Mikelson*, 299 N.W.2d 670, 671 (Iowa 1980)).

■ Here we have a situation where the parents had joint custody with physical care divided, with the children alternating homes every other week. In February of 1992 the children established their primary place of residence with their mother. They now reside at their father's house Thursday through Sunday every other week.

■ A child's stated preference, while not controlling, is a factor to be considered by the court in determining custody arrangements. *In re Marriage of Erickson*, 491 N.W.2d 799, 803 (Iowa App.1992); *In re Marriage of Udelhofen*, 444 N.W.2d 473, 476 (Iowa 1989); *In re Marriage of Bugg*, 492 N.W.2d 452, 454 (Iowa App.1992); *see also* Iowa Code § 598.41(3)(f) (1991). In assessing Lisa's preference, we look at, among other things, her age and educational level, the strength of her preference, her relationship with family members, and the reasons she gives for her decision. *In re Marriage of Jahnel*, 506 N.W.2d 473 (Iowa App.1993); *see also In re Marriage of Ellerbroek*, 377 N.W.2d 257, 258–59 (Iowa App.1985).

Lisa is fifteen years old. There is no evidence she has been in any serious trouble. She has made her preference known by moving in with her mother. There is no evidence Lisa's mother pressured her to make the decision that she did. Lisa and her sister Shannon testified they were not comfortable with their father's new wife. The girls also testified due to their increased activities in school, they wanted to live in one place longer than one week at a time.

■ We note shared physical care is disfavored by the courts except in the most unusual circumstances for precisely this reason. *In re Marriage of McElroy*, 475 N.W.2d 221, 223 (Iowa App.1991); *In re Marriage of Muell*, 408 N.W.2d 774, 776 (Iowa App.1987); *In re Marriage of Coulter*, 502 N.W.2d 168, 171 (Iowa App.1993). Although a child's best interests will be served by associating with both parents, "an attempt to provide equal physical care may be harmfully disruptive in depriving the child of a necessary sense of stability." *Muell*, 408 N.W.2d at 776 (citing Note, *Divided Custody of Children After Their Parents Divorce*, 8 J.Fam.L. 58 (1968)).

We determine the custody award should be modified and Lisa should be placed in her mother's physical care.

Gwendolyn also argues that Thomas should be ordered to pay $149.20 per week child support. She bases this figure on the district court's findings on remand from this court regarding the appeal of the dissolution decree. Thomas argues support should be substantially less. We remand to the trial court to determine Thomas's child support obligation under the guidelines.

Gwenolyn also claims the district court erred by refusing to rule on the issue of Shannon's support while she is attending college. We agree. We remand to the district court for a determination regarding Shannon's college expenses.

Costs of this appeal are taxed to Thomas.

**REVERSED AND REMANDED.**

DONIELSON, J., takes no part.