**In re the MARRIAGE OF Debra Marie MAHER and Duane Louis Maher.**

**Upon the Petition of Debra Marie Maher, Appellee,**

**And Concerning Duane Louis Maher, Appellant.**

**No. 92–1589.**

Court of Appeals of Iowa.

Nov. 29, 1993.

John M. Trewet of Kluever, Van Ginkel & Trewet, Atlantic, for appellant.

G. Rawson Stevens, Shenandoah, for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HABHAB, JJ.

HABHAB, Judge.

Debra and Duane Maher were married on August 5, 1972. The parties had three children: Melissa, born on September 29, 1974; Joey, born on September 5, 1975; and Bradley, born on September 13, 1980. The district court dissolved the parties' marriage on November 13, 1984. Debra received physical custody of the children and Duane was ordered to pay child support in the amount of $345 per month.

In December and November 1991, the boys were involved in two incidents, one involving vandalism of some holiday decorations and the other involved setting fires on a deck and porch of a house. The incidents necessitated juvenile court involvement. Subsequently, Duane filed an application to modify the decree seeking custody of Bradley. Debra filed an application to modify child support.

Prior to the hearing, Duane filed a subpoena duces tecum ordering the deputy to bring the records, files, and notes of all incidents involving Bradley and Joey. The county at-

torney moved to quash the subpoena. The district court sustained the motion.

Following a hearing, the district court entered an order dismissing Duane's application to modify custody. The district court found there was no compelling evidence offered which justified modifying custody. On the issue of child support, Debra testified that she worked as many as four jobs at one time to make ends meet. She testified that her income averages between $800 and $900 per month. Duane is a farmer. The district court found his average yearly net income to be approximately $40,000. Based upon these findings, the district court modified Duane's child support obligation and ordered him to pay $1223 per month for his three children. Finally, the district court ordered Duane to pay $1000 towards Debra's attorney fees. Duane appeals. We affirm in part and remand.

In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

## I. *Law Enforcement Records.*

 Duane contends the district court erred in sustaining the motion to quash his subpoena duces tecum. Duane served Fremont County Deputy Devin Aistrope with a subpoena duces tecum requiring the deputy to appear at the modification hearing and to produce all law enforcement records concerning Joey Maher and Bradley Maher. Fremont County Attorney Vicki Danley appeared on behalf of the sheriff's department and moved to quash the subpoena citing confidentiality of the records under Iowa Code section 232.149, 22.7(5), 692.1 and 692.2 (1991). The district court sustained the motion.

Iowa Code section 232.149 states in part:
2. Records and files of a criminal justice agency concerning a child other than fingerprint and photograph records and files

shall not be open to inspection and their contents shall not be disclosed except as provided in this section and section 232.150 unless the juvenile court waives its jurisdiction over the child so that the child may be prosecuted as an adult for a public offense.

3. Such records may be inspected and their contents may be disclosed without a court order to the following:

\* \* \* \* \* \*

c. The child, the child's counsel, parent, guardian, custodian and guardian ad litem.

Iowa Code section 598.41 states in part:

Unless otherwise ordered by the court in the custody decree, both parents shall have legal access to information concerning the child, including but not limited to medical, educational and law enforcement records.

The parent whose custodial rights are restricted or limited continues to be the child's parent and retain all those parental rights not granted exclusively to others in the decree or otherwise surrendered by the parent. *Leaf v. Iowa Methodist Medical Center*, 460 N.W.2d 892, 894 (Iowa App.1990) (father entitled to access to child's medical records even though mother had custody of child).

We conclude a noncustodial parent has a right to access to information concerning his or her minor child's law enforcement records. We therefore find the duty to keep the juvenile law enforcement records confidential does not exclude either parent's access.

 However, we decline to reverse on this issue. The purpose of the subpoena was to bring to the attention of the trial court the incidents of misbehavior by the boys. There is no significant dispute between the parties as to what the boys were involved in. The court was made aware of the incidents. Duane was present at the juvenile hearings. In addition, Duane admitted into evidence reports and evaluations from Bradley's counseling regarding the arson incident. Under the limited circumstances here, we do not believe Duane was prejudiced by the court's ruling.

## II. Custody of Bradley.

■ Duane seeks to modify the custody provision of the dissolution decree with regard to Bradley, the parties' youngest child. Duane contends Bradley's behavioral problems are due to Debra's neglect.

To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being. The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons.

*In re Marriage of Frederici,* 338 N.W.2d 156, 158 (Iowa 1983) (citing *In re Marriage of Mikelson,* 299 N.W.2d 670, 671 (Iowa 1980)).

Although we are concerned about the incidents of vandalism, we are not convinced that Bradley's best interest would be served by changing custody from Debra to Duane. .

Bradley would be required to change schools. Bradley's grades have been improving. He made honor roll around the time of trial. He has friends and relatives in the Farragut area. He would be separated from his brother and sister. Both Melissa and Joey testified they would like to stay together with Bradley.

■ In addition, several people, including Duane's wife Mary, testified that Bradley wishes to remain in town. A child's stated preference, while not controlling, is a factor to be considered by the court in determining custody arrangements. *In re Marriage of Erickson,* 491 N.W.2d 799, 803 (Iowa App. 1992); *In re Marriage of Udelhoffen,* 444 N.W.2d 473, 476 (Iowa 1989); *In re Mar-*riage of Bugg, 492 N.W.2d 452, 454 (Iowa App.1992); *see also* Iowa Code § 598.41(3)(f) (1991).

From our de novo review of the record, we find there has not been a substantial change in circumstances sufficient to justify a change in custody. We affirm the district court on this issue.

## III. Child Support.

■ Duane next claims the district court erred in finding a substantial change of circumstances to modify the child support award. Duane argues the district court erred in calculating his income for child support purposes because it did not deduct depreciation before determining his net income.

At the time of the dissolution decree, Debra's income was $292.00 per month. Debra's income is now around $576.00 per month plus $345.00 a month she receives in child support. The district court at the modification proceeding found Duane's income to be $40,000 a year. It did not deduct for depreciation. It then modified Duane's child support obligation from $345.00 per month to $1,223.00.

Our supreme court in *In re Marriage of Gaer,* 476 N.W.2d 324, 328 (Iowa 1991) specifically rejected a rule that would categorically disallow depreciation in calculating net disposable income because it did not involve any cash nor reduce actual dollar income. Instead, our supreme court adopted a rule that

depreciation should not be categorically either be deducted as an expense or treated as income, but rather that the extent of its inclusion, if any, should depend on the particular circumstances of each case.

*Id.*

We find that Duane is entitled to depreciation of farm equipment which is reasonably necessary to maintain his occupation as a farmer. From the record before us however, we cannot determine what that amount is. We therefore remand to the district court for it to make a determination of what amount was depreciated and what method was used. We do not retain jurisdiction.

## IV. *Trial Attorney Fees.*

Duane claims the district court should not have awarded Debra $1000 in trial attorney fees.

Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles,* 338 N.W.2d 544, 546 (Iowa App.1983). To overturn an award the complaining party must show that the trial court abused its discretion. *Id.* Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson,* 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig,* 318 N.W.2d 811, 817 (Iowa App.1982).

We find the district court did not abuse its discretion. We therefore affirm the district court on this issue.

## V. *Appellate Attorney Fees.*

Debra asks for appellate attorney fees. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App.1981).

We award appellee $500 toward her appellate attorney fees.

Costs assessed one-half to Debra, one-half to Duane.

**AFFIRMED IN PART AND REMANDED.**