In re the MARRIAGE OF Mark William MOORE and Janet Jordan–Moore.

Upon the Petition of Mark William Moore, Appellant,

And Concerning Janet Jordan–Moore, Appellee.

No. 93–1124.

Court of Appeals of Iowa.

Aug. 25, 1994.

Steven L. Udelhofen of Dreher, Simpson and Jensen, P.C., Des Moines, for appellant.

Patricia C. Kamath, Iowa City, for appellee.

Considered by DONIELSON, C.J., and HABHAB and HUITINK, JJ.

DONIELSON, Chief Judge.

Mark and Janet Moore's ten-year marriage was dissolved in 1989. The original decree awarded Janet primary care of the parties' two minor children, Benjamin, born October 23, 1981, and Jonathan, born February 24, 1985. Mark was awarded visitation, was ordered to provide medical insurance and to pay $90 weekly in child support.

Both parties have remarried. Mark works for the Parking Transportation Department at the University of Iowa earning a net monthly income of $1541. Janet works as a secretary at Iowa State University earning a net monthly income of $1020.

In July 1992, Janet filed a petition for modification requesting an increase in child support. Mark filed an answer asserting his own application for modification requesting a change of custody. Prior to trial, Mark twice filed a motion for medical and psychological examinations of the parties and the children. Both motions were denied.

The district court determined there was insufficient evidence to support a change of custody. However, the court increased Mark's child support obligation to $462 per month.

Mark appeals from the court's failure to change custody. He also claims the district court erred in failing to order psychological and physical examinations.

Janet requests appellate attorney fees.

■ We review modification proceedings de novo. Iowa R.App.P. 4. We give deference to the fact findings of the district court but are not bound by them. Iowa R.App.P. 14(f)(7). We give them weight because the district court had the opportunity to view the demeanor of the witnesses when testifying and to assess their credibility. *In re Marriage of Brown*, 487 N.W.2d 331, 332 (Iowa App.1992). The district court "is greatly helped in making a wise decision about the parties by listening to them and watching them in person." *In re Marriage of Sires*, 506 N.W.2d 813, 814 (Iowa App. 1993) (quoting *In re Marriage of Callahan*, 214 N.W.2d 133, 136 (Iowa 1974)).

■ In child custody cases the governing consideration is the best interest of the child. Iowa R.App.P. 14(f)(15); *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983). To change the custody set by the dissolution decree, the party seeking the modification must establish by a preponderance of the evidence conditions have so materially and substantially changed since the decree the children's best interest make the requested change expedient. *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983); *In re Marriage of Jahnel*, 506 N.W.2d 473, 474 (Iowa App.1993); *see* Iowa Code § 598.21(8) (1993). The parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being. *Frederici*, 338 N.W.2d at 158; *see also In re Marriage of Gravatt*, 371 N.W.2d 836, 838–40 (Iowa App.1985). This heavy burden comes from the principle that once custody has been fixed, it should be disturbed only for the most cogent reasons. *In re Marriage of Mikelson*, 299 N.W.2d 670, 671 (Iowa 1980); *Jahnel*, 506 N.W.2d at 474.

Iowa Code section 598.21(8) lists the factors to be considered by the court in determining whether a substantial change in circumstances warranting modification has occurred. The district court found some changes have occurred, such as both parties remarrying. We find no evidence in the record either parent would not minister to the children's well being. The testimony of the parties is at odds concerning problems with visitation. We attribute that in part to differences in perspective and the tendency to describe circumstances from one's own point of view. We do not find, however, the requisite material and substantial change which would make a change of custody in the long-term best interest of the children.

■ Mark argues the religious training Jonathan and Benjamin are receiving is being used to alienate them from him and his new wife. According to the language of Iowa Code section 598.41(5) both parties should be involved in decisions about the religious instruction of the children. It is not our place to prescribe what kind of instruction the children receive. *In re Marriage of Craig*, 462 N.W.2d 692, 694–95 (Iowa App.1990). Nothing prevents Mark from being a role model for the boys or instructing them in the golden rule or presenting them with alternative views. We conclude the training the boys are receiving is not a basis for modifying their custody.

■ Mark also asserts the boys should be in public school because he believes the education they receive in their private school is inferior. The record reveals the school is accredited and the boys seem to be progressing well. Benjamin's attention deficit disorder is being treated and he is improving as he grows older. We conclude their schooling does not provide a basis for modification.

■ We recognize problems have arisen in the past concerning the last name by which the boys were registered in the school and Janet's desire to have their last name changed legally to Krengel, her husband's last name. These issues have been resolved and do not represent a substantial change in circumstances. Nor do the boys seem to be

**338**

experiencing any lasting confusion or stress concerning their identity.

 Mark also raises problems with visitation. Mark and Janet have not followed the visitation provisions of the dissolution decree to the letter. The changes in the place and time for transferring the children were intended to benefit everyone. The parties are free to continue such changes by mutual agreement. Unless agreement can be reached concerning trading another holiday for Easter, however, holiday visitation shall follow the schedule in the original decree.

We conclude, after our de novo review of the record before us, Mark has failed to show a material and substantial change in circumstances warranting a change in custody. We are not unmindful of the friction between the parties, but modifying custody is not the proper solution. We therefore affirm the decision of the district court not to modify the custodial provisions of the dissolution decree. We determine the other arguments raised in support of the modification are without merit.

 Mark next asserts the district court should have ordered all the parties to undergo a psychological evaluation. He petitioned the court twice before the modification proceeding to order such evaluations. The court refused both times. In his brief, other than vague references to the Iowa Code, case law, and the Iowa and United States Constitutions, and an assertion the "Court rules themselves provide authority," Mark does not cite any authority for his argument. Janet, in her reply brief, does cite to Iowa Rules of Civil Procedure 121 and following as giving the district court discretion in ordering examinations. From our examination of the record, we conclude the district court correctly denied the requests. We also determine the court's denial of the requests did not violate Mark's equal protection rights under the Iowa and United States Constitutions.

 Janet asks for attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390

(Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App.1981). The record reveals Mark's income is greater than Janet's. She was obligated to defend the district court's decision. We determine Mark should pay $500 toward Janet's appellate attorney fees.

**AFFIRMED.**