In re the MARRIAGE OF Cindy Marie MURPHY and Michael Leslie Murphy.

Upon the Petition of

Cindy Marie Murphy, Appellee,

And Concerning

Michael Leslie Murphy, Appellant.

No. 98–1290.

Supreme Court of Iowa.

April 28, 1999.

Roger H. Hudson and Stacey N. Warren of Smith, Schneider, Stiles, Hudson, Serangeli, Mallaney & Shindler, P.C., Des Moines, for appellant.

Robert D. Hall, Ankeny, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

LARSON, Justice.

Michael Murphy has appealed from the district court's award of primary physical care of the parties' daughter to Cindy Murphy and from the court's order for postsecondary education expenses under Iowa Code section 598.21(5A) (Supp.1997). We affirm as modified.

Cindy and Michael Murphy were married in 1986 and lived in Ankeny, Iowa, during most of their marriage. They have one minor child, Molly, born May 24, 1991. Cindy filed a petition for divorce in November 1997. The district court granted the dissolution, awarded joint legal custody to the parties, awarded primary physical custody to Cindy, and ordered that Michael have liberal visitation. The court approved the parties' pretrial property division agreement. It also ordered Michael to deposit twenty percent of his annual profit-sharing bonus into a trust fund for Molly, and Cindy was ordered to contribute an equal amount to the fund. If Molly does not seek a postsecondary education, the fund would be distributed to her. The court ordered both parties to pay their own legal fees. Michael appealed.

## I. The Custody Issue.

We review a custody order de novo. *In re Marriage of Forbes,* 570 N.W.2d 757, 759 (Iowa 1997). The primary consideration is the best interests of the child. *In re Marriage of Ford,* 563 N.W.2d 629, 631 (Iowa 1997); Iowa R.App. P. 14(f)(15). Because the trial court had the opportunity to observe the demeanor of the witnesses, we give weight to its findings, particularly with respect to credibility, but we are not bound by them. *Forbes,* 570 N.W.2d at 759; Iowa R.App. P. 14(f)(7).

Molly's best interests are paramount in this decision, and the court's objective is to place Molly "in the environment most likely to bring her to healthy physical, mental, and social maturity." *Phillips v. Davis–Spurling,* 541 N.W.2d 846, 847 (Iowa 1995). Gender of the respective parents is irrelevant. *In re Marriage of Tresnak,* 297 N.W.2d 109, 112–13 (Iowa 1980).

The district court found both Michael and Cindy to be appropriate caretakers, noting both have participated in Molly's upbringing and both have good parenting skills. Michael challenges the award of primary physical care to Cindy, arguing he is best able to minister to Molly's immediate and long-term best interests. Michael argues the district court based its decision on the stereotypical assumption that Cindy would be the better parent because of her gender. Cindy argues the district court specifically refrained from making a gender-based decision and urges us to defer to the district court's finding that Cindy's testimony was more credible than Michael's.

Michael argues Cindy did little to maintain a stable environment for Molly while the dissolution petition was pending. The parties had lived in Ankeny, but Cindy moved to an apartment in Windsor Heights, Iowa, after she filed the petition. Michael stayed in Ankeny and rented a duplex after the parties' home was sold. He testified that, if he is given primary physical care, he will continue to take Molly to the same day-care and elementary school she has been attending. Michael also contends he will do more than Cindy will to support Molly's relationship with both parents.

Both parties have positive parenting abilities but both have negative attributes as well. Cindy's relationship with a drug user (or at least a former drug user) raises concerns. That person often stayed overnight at Cindy's apartment when Molly was present. But Michael has had his problems as well. There was evidence that he had a drinking problem for which he would not seek treatment, and Cindy was concerned about Michael's temper around Molly and the effect that would have on her. Michael denied he had a drinking problem, and he claimed to have stopped his excessive drinking in 1996.

The district court found Cindy's testimony to be more credible than Michael's, stating:

> In assessing Michael's credibility, the Court observed his demeanor on the witness stand. He was evasive when confronted by negative testimony. On more than one occasion he was untruthful. One example of his untruthfulness was his repeated denial that he had agreed to not contest granting of primary care duty to the mother. After hearing his statement recorded on tape, his new version was also unworthy of belief.
>
> . . . .
>
> Cindy arranged for medical, dental and day care providers. She did the household shopping, cooked most of the family meals, she read books to Molly; arranged her birthday parties. She purchased gifts for Molly's friends. She arranged dance classes for Molly. When Molly was sick or frightened she turned to [her] mother for comfort.

Although the issue of primary care is close, we agree with the district court that Cindy will more adequately meet Molly's needs. We therefore affirm on that issue.

## II. The Order for Contribution for Post-secondary Education Expenses.

The court ordered the parties to contribute to a fund, which we assume was to comply with Iowa Code section 598.21(5A) (Supp. 1997). This is a recent amendment defining a postsecondary education subsidy and pro-

viding specific guidelines for ordering parents to contribute to it. The subsidy is defined as

an amount which either of the parties may be required to pay under a temporary order or final judgment or decree for educational expenses of a child who is between the ages of eighteen and twenty-two years if the child is regularly attending a course of vocational-technical training either as a part of a regular school program or under special arrangements adapted to the individual person's needs; or is, in good faith, a full-time student in a college, university, or community college; or has been accepted for admission to a college, university, or community college and the next regular term has not yet begun.

Iowa Code § 598.1(8). Under the statute,

[t]he court may order a postsecondary education subsidy if good cause is shown.

a. In determining whether good cause exists for ordering a postsecondary education subsidy, the court shall consider the age of the child, the ability of the child relative to postsecondary education, the child's financial resources, whether the child is self-sustaining, and the financial condition of each parent.

Iowa Code § 598.21(5A)(a). If the court determines that good cause is shown for ordering a postsecondary education subsidy, the statute provides the means for determining the parents' contribution. The court first determines the cost of postsecondary education, based on in-state tuition at a public institution in Iowa. In addition, any financial aid, scholarships or student loans should be considered as well as the ability of a child to earn money while attending school. The child's expected contribution is to be deducted from the total cost, and the court apportions the remainder, not to exceed one-third of the total amount each, to the parents. Iowa Code § 598.21(5A).

██ Under this statute the court must first determine whether good cause exists for ordering a postsecondary education subsidy. To do so the court must assess the ability of the child relative to postsecondary education and the child's actual financial needs. This threshold issue must be resolved before the court goes to the next step of calculating and ordering the parties' contributions.

██ The district court in this case did not, and could not, make the threshold determinations regarding Molly's ability relative to postsecondary education, her actual financial needs, or what in-state tuition will be at the time she reaches the appropriate age. (Molly was only seven at the time of the decree.) Further, by ordering the parents to contribute to a fund that is not required to be used for education and providing it may be paid directly to Molly in lieu of her education expenses, the court has exceeded the authority provided by section 598.21(5A). In addition, we note that providing a fund for the child to receive in lieu of education might be a disincentive to the child's seeking postsecondary education.

We modify the decree by deleting the provision for the postsecondary education fund and remand the case to the district court for the entry of an amended decree reserving jurisdiction to consider an application for postsecondary education when the necessary findings may more appropriately be made. Michael's application for appellate attorney fees is denied.

**AFFIRMED AS MODIFIED.**