# IN THE COURT OF APPEALS OF IOWA

No. 14-1408
Filed May 20, 2015

IN RE THE MARRIAGE OF MELISSA SUTTON
AND PATRICK SUTTON

Upon the Petition of
MELISSA SUTTON,
        Petitioner-Appellee,

And Concerning
PATRICK SUTTON,
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Duane
Hoffmeyer, Judge.


        Patrick Sutton appeals the modification of the physical care provision of
the decree of dissolution of his marriage to Melissa Sutton. **AFFIRMED.**


        Zachary S. Hindman of Bikakis, Mayne, Arneson, Hindman & Hisey, Sioux
City, for appellant.

        Tara Vonnahme, Sioux City, for appellee.


        Considered by Danilson, C.J., Potterfield, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**POTTERFIELD, J.**

Patrick Sutton appeals the modification of the decree of dissolution of his marriage to Melissa Sutton. The modification granted Melissa physical care of the parties' youngest daughter, S.M.S., and awarded her child support.

## I. Factual and Procedural Background

The decree dissolving the parties' marriage was entered on June 12, 2012. The decree granted physical care of S.M.S. and the parties' older twin daughters to Patrick.[1] The parties were to share joint legal custody. Since that time, the parties' parenting relationship and ability to communicate has broken down beyond repair.

The record reflects a litany of ongoing disputes between the two, a sampling of which we discuss here. Each party accuses the other of subjecting the children to emotional abuse. Patrick refuses to communicate with Melissa by telephone and has disabled text messaging so Melissa cannot send him text messages. He will only communicate with her through his work email. He admitted he did not disclose the children's medical issues to Melissa, particularly the children's recently prescribed regimen of anti-anxiety medications. Patrick claims Melissa has improperly refused to reimburse him for medical expenses. The expenses he claims include purchases of cough drops and Tylenol. Melissa has lost visitation time with S.M.S. Each party blames the other for the loss (or forfeit) of visitation hours. Melissa takes exception to Patrick sleeping in the same bed as S.M.S., who is currently ten years old. One of S.M.S.'s therapists

---

[1] The twins will turn eighteen in just a few weeks, and they are not the subject of this appeal or the underlying modification.

agreed that behavior was inappropriate. Patrick claims the behavior was not inappropriate based on the circumstances of his living space and that he no longer sleeps with her through the night.

On a number of occasions, Patrick called the police to Melissa's home while the children were visiting. Patrick's demeanor with officers was described as "very rude." He demanded the police arrest Melissa, though the police never did so. The testimony of one of the reporting police officers indicated that on one occasion, Patrick was present outside Melissa's house, "very loud, very demanding, and using profanity." The officer testified Melissa appeared to be in fear and was "very concerned about her safety and her children's safety."

Patrick describes Melissa as a chronic liar. He relies heavily on the fact the twins have decided not to attend visitations with their mother for the last several years. He says the twins made that decision on their own because they "were no longer willing to be lied to by Melissa."

The parties both state S.M.S. was previously a very happy and outgoing girl. Since the dissolution of the parties' marriage, however, she has become anxious, unhappy, and socially inhibited as a result—at least in part—of the acrimony festering between the parties. S.M.S. and the twins have been undergoing therapy.

Three different therapists testified at the modification hearing. Two are currently seeing the children. The third, Kelly Wagner, was discharged by Patrick. Patrick alleges he discharged Wagner because she was not spending enough time with S.M.S. Wagner, however, testified she believed Patrick would not have discharged her if she had been willing to state Melissa emotionally

abused S.M.S. Wagner testified she believed S.M.S. had actually been emotionally abused by Patrick. She testified, "Throughout the course of therapy, I felt an intimidation from Patrick." She believed S.M.S.'s behavior reflected that intimidation. She also testified Patrick intimidated Wagner herself such that she had concerns about coming to court to testify against him. She concluded the safest, best environment for S.M.S. was in Melissa's home. The other two therapists testified on Patrick's behalf and did not agree with Wagner's assessment of Patrick.

Patrick testified on his own behalf. The district court noted, "Patrick, when testifying, comes across as angry and vengeful." During the hearing, the court admonished Patrick for speaking out in the courtroom during other witness's testimony, including commentary that a testifying police officer was a liar.

The district court issued its modification order on July 29, 2014. It found, "Patrick is one of the worst joint custodians this court has ever seen." It granted Melissa physical care of S.M.S., awarded child support, and established a visitation schedule for Patrick to see S.M.S. Patrick now appeals the modification order.[2]

**II. Standard of Review**

We review dissolution cases, including modifications of dissolution decrees, de novo. *See* Iowa R. App. P. 6.907; *In re Marriage of Okland*, 699 N.W.2d 260, 263 (Iowa 2005). "Although our review of the trial court's award is de novo, we accord the trial court considerable latitude in making this

---

[2] Melissa did not file an appellate brief in these proceedings.

determination and will disturb the ruling only when there has been a failure to do equity." *In re Marriage of Romanelli*, 570 N.W.2d 761, 763 (Iowa 1997). "We give weight to the findings of the district court, especially to the extent credibility determinations are involved." *In re Marriage of Hansen*, 733 N.W.2d 683, 690 (Iowa 2007); *see In re Marriage of Moore*, 526 N.W.2d 335, 337 (Iowa Ct. App. 1994) ("The district court is greatly helped in making a wise decision about the parties by listening to them and watching them in person." (Citation and internal quotation marks omitted)).

### III. Discussion

Patrick first asserts Melissa has failed to show a substantial change in circumstances to support the necessity of modifying the custodial terms of the dissolution decree. Modification of custodial terms is only proper if "there has been a substantial change in circumstances since the time of the decree not contemplated by the court when the decree was entered, which is more or less permanent and relates to the welfare of the child." *In re Marriage of Malloy*, 687 N.W.2d 110, 113 (Iowa Ct. App. 2004).

Patrick attacks the district court's finding of a substantial change in circumstances by discussing a long list of individual factors, including S.M.S.'s difficulty making friends, her introversion, the discharge of her counselor, Patrick's refusal to allow Melissa to take S.M.S. during summer visitation, and several others. Patricks' point-by-point refutation alleges none of the circumstances discussed is enough to satisfy the requirements of a substantial change. He fails to recognize, however, that the circumstances he discusses are merely symptoms that, when considered in the aggregate, reflect the larger

substantial change in this case: the complete breakdown of the parents' ability to communicate and work together as joint custodians and the attendant damage to S.M.S.'s well-being. The parties' relationship now suffers from a level of animosity not contemplated by the court at the time of the dissolution decree. The parties' behavior indicates these circumstances are more or less permanent, and the effect on the welfare of S.M.S. is well-documented in the record. We affirm the district court's finding of a substantial change in circumstances supporting modification of the physical care provisions of the dissolution decree.

Patrick next claims Melissa has not shown she can provide superior care. "The parent seeking to change the physical care from the primary custodial parent to the petitioning parent has a heavy burden and must show the ability to offer superior care." *Id.* The district court recognized, and we agree, that Melissa's parenting has not been perfect. Both parties share in the blame for the breakdown of their relationship as joint custodians of the children.

However, we further agree with the district court: Patrick's ability to minister to S.M.S's well-being is compromised by his vindictive and uncooperative behavior. S.M.S.'s emotional well-being has been damaged as a result. The district court cited *In re Marriage of Winnike*, 497 N.W.2d 170, 174 (Iowa Ct. App. 1992), in which this court held, "In determining custody we can give great weight to a parent's attempt to alienate a child from her other parent if evidence establishes the actions will adversely affect a minor child."

Melissa demonstrated good-faith efforts to improve her relationship with her daughters by supporting their therapy and attending sessions on her own and with her children. She has generally kept the channels of communication with

Patrick open and worked to remain involved in S.M.S.'s life despite the difficulties she has faced throughout the parties' contentious post-dissolution relationship. Relative to the quality of Patrick's ability to minister to S.M.S.'s physical, psychological, and emotional well-being, Melissa has demonstrated her ability to offer superior care.

On the whole, our "primary consideration is the best interests of the child." *In re Marriage of Murphy*, 592 N.W.2d 681, 683 (Iowa 1999); *see* Iowa Code § 598.41(3) (2013). We find the district court's modification order provides for S.M.S.'s best interests. We therefore decline to disturb the provisions of its modification order awarding Melissa physical care of S.M.S., its award of child support,[3] or its visitation schedule.

### IV. Conclusion

The record shows by a preponderance of the evidence there is a substantial change in circumstances supporting the district court's modification order. Similarly, the record shows by a preponderance of the evidence Melissa can provide superior care. On our de novo review, we find the district court's modification order achieves an equitable result in the best interests of the child, and we therefore affirm the order. In consideration of this result, we exercise our discretion to assign each party its own costs on appeal.

**AFFIRMED.**

---

[3] We decline to disturb the modification order as to Patrick's alternative claim asking this court to allow him to claim S.M.S. as a dependent for tax purposes. Patrick has not asserted how such a result is required to achieve equity between the parties other than to explain the parties' previous tax situation when the twins were also claimed as dependents. We find equity has been achieved without granting Patrick the exemption. *See In re Marriage of Rolek*, 555 N.W.2d 675, 679 (Iowa 1996).