# IN THE COURT OF APPEALS OF IOWA

No. 16-0607
Filed October 26, 2016

IN RE THE MARRIAGE OF BRANDON KLEVE
AND DAPHNIE KLEVE

Upon the Petition of
BRANDON KLEVE,
        Petitioner-Appellee,

And Concerning
DAPHNIE KLEVE,
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Floyd County, Christopher C. Foy,

Judge.

        Daphnie Kleve appeals from the custody provisions of the decree

dissolving her marriage to Brandon Kleve. **AFFIRMED.**

        Rebecca A. Feiereisen of Arenson Law Group, P.C., Cedar Rapids, for

appellant.

        Judith O'Donohoe of Elwood, O'Donohoe, Braun & White, L.L.P., Charles

City, for appellee.

        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

This appeal concerns the child custody provisions of the decree dissolving the marriage of Brandon Kleve and Daphnie Kleve, which grants Brandon physical care of the parties' children. Daphnie contests the finding that granting Brandon physical care is in their children's best interests. She seeks physical care of both children or, in the alternative, requests a split physical care arrangement. Because the children's best interests are served by placing them with the same parent and Brandon is better able to minister to their needs, we affirm.

The facts, briefly stated, are as follows: Daphnie and Brandon met in Utah in 2012 and married the following year. They moved from Utah to Charles City in June 2014, shortly after their son was born. After separating in October 2014, Daphnie—without consulting with or informing Brandon—moved back to Utah with their son. Brandon obtained a temporary injunction in November 2014 that required Daphnie to return their son to Iowa, and their son has lived with Brandon since that time. The parties' daughter, who was born in April 2015,[1] remained with Daphnie in Utah. Following trial, the district court entered its decree, granting Brandon physical care of both children.

On appeal, Daphnie first argues "[t]he district court misstated the undisputed facts of the case such that the decree cannot stand." However, we are not bound by the district court's factual findings. *See In re Marriage of Rhinehart*, 704 N.W.2d 677, 680 (Iowa 2005). Instead, our de novo review

---

[1] The results of a DNA test show the probability that Brandon is the father of the parties' daughter is 99.999999%.

requires us to examine the entire record and decide any issues properly before us anew.  *See id.*  We do give the district court's findings weight, and we are especially deferential with regard to determinations of witness credibility.  *See In re Marriage of Murphy*, 592 N.W.2d 681, 683 (Iowa 1999).

With regard to witness credibility here, the district court stated:

> The court has no illusions that either party was completely forthcoming when describing what he or she perceived to be the faults or shortcomings of the other party or when responding to the unfavorable allegations made about him or her.  Generally speaking, however, the court found the testimony of Daphnie on these matters to be less credible than that of Brandon.  The allegations made by Daphnie about being physically and sexually abused by Brandon have no other support in the record and are inconsistent with information she previously gave to certain health care providers.  Similarly, testimony Daphnie gave at trial regarding various aspects of her medical and mental health history was contradicted by information contained in her medical records.  When presented with conflicting testimony from the parties, the court generally accepted the testimony of Brandon as more accurate and reliable.

Because the district court had the ability to observe the witnesses' demeanor, we keep its credibility findings in mind as we turn to the custody question.  *See id.*

We begin with Daphnie's request for split physical care of the children.  In the event she is not granted physical care of both children, Daphnie requests that Brandon continue as their son's physical caretaker while she continues to provide for their daughter's physical care.  As the district court noted, there is a presumption in Iowa against such custody arrangements because they deprive children of the benefit of associating with one another.  *See In re Marriage of Will*, 489 N.W.2d 394, 398 (Iowa 1992).  Although this rule is not without its exceptions, there must be "[g]ood and compelling reasons" to depart from it.  *See id.*

Daphnie claims that a compelling reason exists here because the children had no real relationship at the time of the parties' dissolution. Although the children had not yet developed a bond at that time, these children are quite young and will be able to develop a bond. The development of a sibling bond will benefit the children for the rest of their lives. Placing them together suits their long-term best interests.

We must then determine in which parent's care to place both children. Our fundamental concern is placing the children with the parent who will best minister to the children's long-range best interests. *See In re Marriage of Winter*, 223 N.W.2d 165, 166 (Iowa 1974). In making this determination, we look at the list of factors set forth in Iowa Code section 598.41(3) (2013), as well as those articulated in *Winter*. *See In re Marriage of Hansen*, 733 N.W.2d 683, 696 (Iowa 2007).

Upon our de novo review, we agree Brandon is better able to minister to the children's long-term needs. We share the district court's concerns about both parties' stability and willingness to support the children's relationship with the other parent. However, we agree the scale ultimately tips in Brandon's favor given his proximity to family, his less-precarious housing arrangement, and what the district court described as Daphnie's "poor judgment" and "lack[ of] insight regarding her need for mental health treatment." Accordingly, we affirm the custody provisions of the decree, which grants Brandon physical care of both children. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**